### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

| | |
|---|---|
| **UNILOC USA, INC.** and<br><br>**UNILOC SINGAPORE PRIVATE LIMITED**,<br><br>Plaintiffs,<br><br>v.<br><br>**(1) SONY CORPORATION OF AMERICA;**<br>**(2) SONY DADC US INC. ;**<br>**(3) ACTIVISION BLIZZARD, INC.;**<br>**(4) ASPYR MEDIA, INC.;**<br>**(5) BORLAND SOFTWARE CORP.;**<br>**(6) MCAFEE, INC.** and<br>**(7) QUARK, INC.**<br><br>Defendants. | Civ. Action No.: 6:10-cv-373<br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

### ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs, Uniloc USA, Inc. and Uniloc Singapore Private Limited (together "Uniloc" or "Plaintiffs"), as and for their Complaint against defendants, Sony Corporation of America (Sony US"), Sony DADC US Inc. ("Sony DADC"), Activision Blizzard, Inc. ("Activision"), Aspyr Media, Inc. ("Aspyr"), Borland Software Corp. ("Borland"), McAfee, Inc. ("McAfee") and Quark, Inc. ("Quark"), demand a trial by jury and allege as follows:

### JURISDICTION AND VENUE

1.      This action arises under the patent laws of the United States, 35 U.S.C. § 271 *et al*.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338(a).

2.      Upon information and belief, each of the defendants directly and/or indirectly: regularly solicits and conducts business within this judicial district, derives revenue from

business transacted within this judicial district, and/or has committed acts of patent infringement within this judicial district.

3.      Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. § 1391(b), (c) and/or § 1400(b).

## THE PARTIES

4.      Plaintiff Uniloc USA, Inc. is a Texas corporation having a principal place of business at 2151 Michelson Drive, Irvine, California 92612.  Uniloc USA, Inc. also maintains places of business at 100 E. Ferguson Street, Suite 608-A, Tyler, Texas 75702 and a sales office in Plano, Texas.

5.      Plaintiff Uniloc Singapore Private Limited is a Singapore Corporation having a principal place of business at 80 Raffles Plaza, # 33-00 UOB Plaza I, Singapore 048624.

6.      Upon information and belief, Sony US is a Delaware corporation with a principal place of business at 550 Madison Avenue, New York, New York 10022.  Sony US does and solicits business in this jurisdiction by, among other things, committing directly and/or indirectly the tort of patent infringement giving rise to this complaint by shipping infringing products directly and/or indirectly into this District and through its ecommerce website www.sony.com but Sony US does not have a designated agent for service of process in Texas.  Sony US may therefore be served with process by serving the Secretary of State of the State of Texas pursuant to the Texas Long Arm Statute, Texas Civil Practice & Remedies Code § 17.044 and asking the Secretary of State to serve Sony US at its principal place of business at 550 Madison Avenue, New York, New York 10022 via Certified Mail – Return Receipt Requested.

7.      Upon information and belief, Sony DADC is a Delaware corporation with a principal place of business at 1800 North Fruitridge Avenue, Terre Haute, Indiana 47804.  Sony

DADC does and solicits business in this jurisdiction by, among other things, committing directly and/or indirectly the tort of patent infringement giving rise to this complaint by shipping infringing products directly and/or indirectly into this District and through its ecommerce website www.sonydadc.com but Sony DADC does not have a designated agent for service of process in Texas.  Sony DADC may therefore be served with process by serving the Secretary of State of the State of Texas pursuant to the Texas Long Arm Statute, Texas Civil Practice & Remedies Code § 17.044 and asking the Secretary of State to serve Sony DADC at its principal place of business at 1800 North Fruitridge Avenue, Terre Haute, Indiana 47804 via Certified Mail – Return Receipt Requested.

8.      On information and belief, Activision is a Delaware corporation having a principal place of business at 3100 Ocean Park Boulevard, Santa Monica, California.  Activision does and solicits business in this jurisdiction by, among other things, committing directly and/or indirectly the tort of patent infringement giving rise to this complaint by shipping infringing products directly and/or indirectly into this District and through its ecommerce websites www.activision.com and www.activisionblizzard.com but Activision does not have a designated agent for service of process in Texas.  Activision may therefore be served with process by serving the Secretary of State of the State of Texas pursuant to the Texas Long Arm Statute, Texas Civil Practice & Remedies Code § 17.044 and asking the Secretary of State to serve Activision at its principal place of business at 3100 Ocean Park Boulevard, Santa Monica, California 90405 via Certified Mail – Return Receipt Requested.

9.      On information and belief, Aspyr is a Texas corporation having a principal place of business at 1221 South MoPac Expressway, Austin, Texas.  Aspyr also regularly conducts business in this jurisdiction by, among other things, committing directly and/or indirectly the tort

of patent infringement giving rise to this complaint and through its ecommerce website www.aspyr.com. Aspyr may be served with service of process by serving a copy of the Complaint on its registered agent for service: Michael Rogers, 1221 S. MoPac Expressway, Suite 50, Austin, Texas 78746.

10.     On information and belief, Borland is a Delaware corporation having a principal place of business at 2101 CityWest Boulevard, Houston, Texas 77042 and regularly conducts business at 8310 North Capital of Texas Highway, Building 2, Suite 100, Austin, Texas 78731. Borland regularly does and solicits business in this jurisdiction by, among other things, committing directly and/or indirectly the tort of patent infringement giving rise to this complaint, by shipping infringing products directly and/or indirectly into this District, and through its ecommerce website www.borland.com.  On information and belief, Borland's designated agent for service of process in Texas National Registered Agents, Inc., 16055 Space Center Boulevard, Suite 235, Houston, Texas 77062.

11.     On information and belief, McAfee is a California corporation having a principal place of business at 3965 Freedom Circle, Santa Clara, California and a regular and established place of business in this District at 5000 Headquarters Drive, Plano, Texas.  McAfee does and solicits business in this jurisdiction therefrom by, among other things committing directly and/or indirectly the tort of patent infringement giving rise to this complaint by shipping infringing products directly and/or indirectly into this District, and through its ecommerce website www.mcafee.com.  On information and belief, McAfee's designated agent for service of process in Texas is Corporation Service Company, 800 Brazos, Suite 750, Austin, Texas 78701.

12.     On information and belief, Quark is a Colorado corporation having a principal place of business at 1800 Grant Street, Denver, Colorado 80203.  Quark does and solicits business in

this jurisdiction therefrom by, among other things, committing directly and/or indirectly the tort of patent infringement giving rise to this complaint by shipping infringing products directly and/or indirectly into this District and through its ecommerce website www.quark.com but Quark does not have a designated agent for service of process in Texas.  Quark may therefore be served with process by serving the Secretary of State of the State of Texas pursuant to the Texas Long Arm Statute, Texas Civil Practice & Remedies Code § 17.044 and asking the Secretary of State to serve Activision at its principal place of business at 1800 Grant Street, Denver, Colorado 80203 via Certified Mail – Return Receipt Requested.

<u>**COUNT FOR INFRINGEMENT OF U.S. PATENT NO. 5,490,216**</u>

13.     The allegations of paragraphs 1 – 12 above are incorporated herein by reference.

14.     On February 6, 1996, United States patent number 5,490,216, entitled "System for Software Registration" ("the '216 patent"), was duly and legally issued to plaintiff Uniloc Singapore Private Limited, the present owner of the '216 patent. *See* Ex. A.

15.     Plaintiff Uniloc USA, Inc. is the exclusive licensee of the '216 patent in the United States with all substantial rights under the '216 patent, including the right to exclude others, to sublicense, to bring suit for infringement and to recover damages for past and future infringement.

16.     Plaintiff Uniloc USA, Inc. has marked its products with the '216 patent number pursuant to 35 U.S.C. § 287.

17.     On information and belief, with knowledge of the '216 patent, Sony US and Sony DADC have directly and/or indirectly infringed at least one claim of the '216 patent in this judicial district and elsewhere in Texas and the United States by, among other things, making, using, offering for sale, selling and/or importing a system, device and/or method for reducing

software piracy, reducing casual copying and/or reducing the unauthorized use of software, including without limitation the SecuROM™ system and process that permit customers to activate and/or register software.  Pursuant to 35 U.S.C. § 271, Sony US and Sony DADC are thereby liable for direct and indirect infringement of the '216 patent, which infringement has caused damage, reparable and irreparable, to Uniloc.  Upon information and belief, Sony US and Sony DADC are liable for indirect infringement for inducing or contributing to customers infringement of the '216 patent.  Sony US and Sony DADC's unlawful acts will continue unless and until their infringement is enjoined.

18.     On information and belief, with knowledge of the '216 patent, Activision has directly and/or indirectly infringed at least one claim of the '216 patent in this judicial district and elsewhere in Texas and the United States by, among other things, making, using, offering for sale, selling and/or importing a system, device and/or method for reducing software piracy, reducing casual copying and/or reducing the unauthorized use of software, including without limitation Activision's product activation/registration system and process that permit customers to activate and/or register software.  Pursuant to 35 U.S.C. § 271, Activision is thereby liable for direct and indirect infringement of the '216 patent, which infringement has caused damage, reparable and irreparable, to Uniloc.  Upon information and belief, Activision is liable for indirect infringement for inducing or contributing to customers infringement of the '216 patent.  Activision's unlawful acts will continue unless and until its infringement is enjoined.

19.     On information and belief, with knowledge of the '216 patent, Aspyr has directly and/or indirectly infringed at least one claim of the '216 patent in this judicial district and elsewhere in Texas and the United States by, among other things, making, using, offering for sale, selling and/or importing a system, device and/or method for reducing software piracy, reducing

casual copying and/or reducing the unauthorized use of software, including without limitation Aspyr's product registration system and process that permit customers to activate and/or register software.   Pursuant to 35 U.S.C. § 271, Aspyr is thereby liable for direct and indirect infringement of the '216 patent, which infringement has caused damage, reparable and irreparable, to Uniloc.  Upon information and belief, Aspyr is liable for indirect infringement for inducing or contributing to customers infringement of the '216 patent.  Aspyr's unlawful acts will continue unless and until its infringement is enjoined.

20.    On information and belief, with knowledge of the '216 patent, Borland has directly and/or indirectly infringed at least one claim of the '216 patent in this judicial district and elsewhere in Texas and the United States by, among other things, making, using, offering for sale, selling and/or importing a system, device and/or method for reducing software piracy, reducing casual copying and/or reducing the unauthorized use of software, including without limitation Borland's product activation/registration system and process that permit customers to activate and/or register Borland's software products.   Pursuant to 35 U.S.C. § 271, Borland is thereby liable for direct and indirect infringement of the '216 patent, which infringement has caused damage, reparable and irreparable, to Uniloc.  Upon information and belief, Borland is liable for indirect infringement for inducing or contributing to customers infringement of the '216 patent. Borland's unlawful acts will continue unless and until its infringement is enjoined.

21.    On information and belief, with knowledge of the '216 patent, McAfee has directly and/or indirectly infringed at least one claim of the '216 patent in this judicial district and elsewhere in Texas and the United States by, among other things, making, using, offering for sale, selling and/or importing a system, device and/or method for reducing software piracy, reducing casual copying and/or reducing the unauthorized use of software, including without limitation

McAfee's Total Protection product activation system and process that permit customers to activate and/or register software. Pursuant to 35 U.S.C. § 271, McAfee is thereby liable for infringement of the '216 patent, which infringement has caused damage, reparable and irreparable, to Uniloc. Upon information and belief, McAfee is liable for indirect infringement for inducing or contributing to customers infringement of the '216 patent. McAfee's unlawful acts will continue unless and until its infringement is enjoined.

22.     On information and belief, with knowledge of the '216 patent, Quark has directly and/or indirectly infringed at least one claim of the '216 patent in this judicial district and elsewhere in Texas and the United States by, among other things, making, using, offering for sale, selling and/or importing a system, device and/or method for reducing software piracy, reducing casual copying and/or reducing the unauthorized use of software, including without limitation its QuarkCopyDesk product activation system and process that permit customers to activate and/or register software. Pursuant to 35 U.S.C. § 271, Quark is thereby liable for infringement of the '216 patent, which infringement has caused damage, reparable and irreparable, to Uniloc. Upon information and belief, Quark is liable for indirect infringement for inducing or contributing to customers infringement of the '216 patent. Quark's unlawful acts will continue unless and until its infringement is enjoined.

23.     Each defendant's respective acts of infringement have caused reparable and irreparable damage to Uniloc and Uniloc will continue to suffer damage for which remedies at law are inadequate unless each defendant is enjoined. Considering the balance of the hardships between the parties, a remedy in equity including injunctive relief is warranted and such a remedy would be in the public interest. Uniloc, therefore, is entitled to injunctive relief under 35 U.S.C. § 283.

24.     Upon information and belief, each defendant has had notice of the '216 patent due to the ongoing litigation between Uniloc and Microsoft Corporation regarding the '216 patent, the pending litigation in this District regarding the '216 patent, and the press coverage thereof. With such knowledge, each defendant has acted despite an objectively high likelihood that its actions constitute infringement of the '216 patent and each defendant has a subjective knowledge of such risk and/or such risk is obvious to defendants.  Nonetheless, each defendant has failed to cease its infringing activities or obtain a license under the '216 patent. Accordingly, each of the defendant's infringement has been willful, and this case is exceptional, entitling Uniloc to an award of increased damages and attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

**WHEREFORE,** Uniloc prays that the Court:

A.      Enter judgment that each defendant has infringed the '216 patent as aforesaid;

B.      Temporarily, preliminarily and permanently enjoin each defendant, its parents, subsidiaries, affiliates, divisions, officers, agents, servants, employees, directors, partners, representatives, and all parties in active concert and/or participation with them, from engaging in the aforesaid unlawful acts of infringement;

C.      Award Uniloc all damages, including increased damages, caused by defendants' unlawful acts together with interest thereon;

D.      Declare this case exceptional and award Uniloc its attorney fees and costs incurred in this action, and

E.      Grant Uniloc such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial of all issues triable of right by jury.

Respectfully submitted,

**UNILOC USA, INC.** and
**UNILOC SINGAPORE PRIVATE LTD.**

Date: July 29, 2010                    By: /s/ Paul J. Hayes (by permission Wesley Hill)
                                       Paul J. Hayes – Lead Attorney
                                       Dean G. Bostock
                                       **MINTZ, LEVIN, COHN, FERRIS,**
                                          **GLOVSKY and POPEO, P.C.**
                                       One Financial Center
                                       Boston, Massachusetts 02111
                                       Tel: (617) 542-6000
                                       Fax: (617) 542-2241

                                       T. John Ward
                                       Texas State Bar. No. 00794818
                                       J. Wesley Hill
                                       Texas State Bar. No. 24032294
                                       **WARD & SMITH LAW FIRM**
                                       111 West Tyler St.
                                       Longview, Texas 75601
                                       Tel: (903) 757-6400
                                       Fax: (903) 757-2323
                                       Email: jw@jwfirm.com

                                       **ATTORNEYS FOR PLAINTIFFS**