**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| UNILOC USA, INC., and | ) | |
| UNILOC SINGAPORE PRIVATE LIMITED | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 6:10-cv-00373 |
| | ) | |
| (1) SONY CORPORATION OF AMERICA ; | ) | |
| (2) SONY DADC US INC.; | ) | |
| (3) ACTIVISION BLIZZARD, INC.; | ) | |
| (4) ASPYR MEDIA, INC.; | ) | |
| (5) BORLAND SOFTWARE CORP.; | ) | |
| (6) MCAFEE, INC.; and | ) | |
| (7) QUARK, INC. | ) | |
| | ) | |
| Defendants. | ) | |

## ACTIVISION BLIZZARD, INC.'S MOTION TO DISMISS, OR ALTERNATIVELY, MOTION FOR A MORE DEFINITE STATEMENT

Defendant Activision Blizzard, Inc. ("Activision") moves to dismiss the Complaint of Plaintiffs Uniloc USA, Inc. and Uniloc Singapore Private Limited (jointly "Uniloc") pursuant to Fed. R. Civ. P 12(b)(6) or, in the alternative, Activision moves for a more definite statement pursuant to Fed. R. Civ. P. 12(e).

## I.     INTRODUCTION

Uniloc's Complaint fails to sufficiently plead both the direct and indirect infringement claims against Activision.  Specifically, the Complaint does not identify any accused Activision product, but instead, it simply states that "Activision's product activation/registration system and process" allegedly infringe the patent-at-issue. This generic accusation provides no notice regarding which Activision product allegedly infringes the patent-at-issue.  With respect to Uniloc's indirect infringement allegations, the Complaint fails to state "which claims are

1

indirectly infringed," and "which methods or systems indirectly infringe."  Thus, Activision requests that this case be dismissed or, in the alternative, Uniloc be required to sufficiently plead its claims against Activision.

## II.     LEGAL STANDARDS

Regional circuit law applies to motions to dismiss for failure to state a claim.  *McZeal* v. *Sprint Nextel Corp.,* 501 F.3d 1354,1355-56 (Fed. Cir. 2007).  The central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief.  *Id.* at 1356 (internal quotations omitted); *Doe* v. *MySpace, Inc.,* 528 F.3d 413,418 (5th Cir. 2008).

Under Rule 8(a)(2), a pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2).  A complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, but a plaintiff must plead sufficient factual allegations to show that the plaintiff is plausibly entitled to relief.  *Bell Atl. Corp.* v. *Twombly,* 550 U.S. 544, 570 (2007); ([W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face.); *see also Ashcroft* v. *Iqbal,* 129 S. Ct. 1937, 1953 (2009)(discussing *Twombly* and applying *Twombly* generally to civil actions pleaded under Rule 8).  Determining whether the complaint states a plausible claim for relief will be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Iqbal,* 129 S. Ct. at 1950.

The Supreme Court's decisions in *Twombly* and *Iqbal* have not affected the adequacy of complying with Form 18.  To hold otherwise would render Rule 84 and Form 18 invalid, which cannot be done by judicial action.  *Twombly,* 550 U.S. at 569 n.14 (acknowledging that altering the Federal Rules of Civil Procedure cannot be accomplished by judicial interpretation); *McZeal,* 501 F.3d at 1360 (Dyk, J., concurring-in-part and dissenting-in-part)("I agree that under Rule 84

of the Federal Rules of Civil Procedure, we would be required to find that a bare allegation of literal infringement in accordance with Form 18 would be sufficient under Rule 8 to state a claim.  One can only hope that the rulemaking process will eventually result in eliminating the form, or at least in revising it to require allegations specifying which claims are infringed, and the features of the accused device that correspond to the claim limitations")(footnote omitted); *Elan Microelectronics Corp.* v. *Apple, Inc.,* No. C 09-01531, 2009 WL2972374, at *2 (N.D. Cal. Sept. 14, 2009)(It is not easy to reconcile Form 18 with the guidance of the Supreme Court in *Twombly and Iqbal* . . . Under Rule 84 of the Federal Rules of Civil Procedure, however, a court must accept as sufficient any pleading made in conformance with the forms.).  *But see Colida* v. *Nokia, Inc.,* 347 Fed. Appx. 568 (Fed. Cir. 2009)(in dicta, questioning the viability of Form 18).

Thus, a patent complaint that complies with Form 18 will suffice to state a claim that is plausible on its face.  The Court determines whether the complaint states a plausible claim for relief by examining the complaint in context and relying on the Court's own judicial experience and common sense.  *Iqbal,* 129 S. Ct. at 1950.

## III.   ARGUMENT

### A.   Uniloc's Complaint Should be Dismissed

#### 1.  *Direct Infringement*

The direct infringement allegations in Uniloc's Complaint fail to adhere to Form 18 in that they do not specifically identify any accused product. Fed. R. Civ. P. Form 18 (accusing electric motors of infringement is an example of sufficient pleadings).  While Uniloc accuses Activision's "making, using, offering for sale, and/or selling," without limitation, "Activision's product activation/registration system," such an assertion fails to identify what "product activation/registration system" is accused of patent infringement. *Landmark Tech. LLC* v.

*Aeropostale,* No. 6:09-cv-262, slip op. at 5 (E.D. Tex. Mar. 29, 2010) (Doc. No. 122). In contrast, Uniloc did list products for other defendants.  For example, Doc No. 1, compare paragraph 17 with paragraph 18.

The Court "recently addressed the same issue presented here in several patent infringement cases, and consistently ruled that direct infringement claims require a plaintiff to specifically identify any accused products, services, methods, or other infringing acts." *Realtime Data, LLC v. Stanley,* 2010 U.S. Dist. LEXIS 58049, at *11 (E.D. Tex. May 7, 2010). In fact, these decisions required the identification of accused instrumentalities be specific as to particular defendants. *Id.* For example, in *Realtime Data* the court held "that Realtime's vague reference to "data compression products and/or services," when asserting four patents with a multitude of claims, does not state a claim for relief that is plausible on its face." *Id.*  Similarly, in *Landmark,* the court granted a motion to dismiss finding "[w]hile Landmark accuses Defendants' "electronic commerce systems," this is an extremely vague identification. Without further context, it is unclear as to what "electronic commerce systems" refers. Additionally, the identification is not specific to any particular Defendant." Slip op. at 5.  *See also i2 Tech., Inc.* v. *Oracle Corp.,* No. 6:09-cv-194, slip op. at 4 (E.D. Tex. Mar. 29, 2010) (Doc. No. 79); *Joao Bock Transaction Sys. of Texas, LLC* v. *AT&T, Inc.,* No. 6:09-cv-208, slip op. at 5 (E.D. Tex. Mar. 29, 2010) (Doc. No. 195); *Joao Bock Transaction Sys. of Texas, LLC* v. *Am. Nat. Bank of  Texas,* No. 6:09-cv-368, slip op. at 4 (E.D. Tex. Mar. 29, 2010) (Doc. No. 20); *Bedrock Computer Tech., LLC* v. *Softlayer Tech., Inc.,* No. 6:09-cv-269, slip op. at 5 (E.D. Tex. Mar. 29, 2010) (Doc. No. 189).

In sum, while Form 18 does not set a high bar for what must be alleged, Uniloc failed to meet that standard.  As such, Activision's Motion to Dismiss should be granted.

4

### 2. Indirect Infringement

Uniloc's Complaint also fails to properly allege indirect infringement by identifying "which claims are indirectly infringed" and "which methods or systems indirectly infringe." *Clear with Computers, LLC* v. *Bergdorf Goodman, Inc.,* No. 6:09-cv-481, slip op. at 7 (E.D. Tex. Mar. 29, 2010) (Doc. No. 77). Taken as a whole, Uniloc's indirect infringement allegations are insufficient to state a claim for relief that is plausible on its face.  *Id.* As recent decisions make clear, indirect infringement allegations will not survive a Motion to Dismiss under the pleading requirements of the Federal Rules where plaintiffs' complaint fails to identify accused products for the patent-in-suit. *i2 Techs* at slip op. at 5; *Landmark* at slip op. at 5; *Realtime Data,* 2010 U.S. Dist. LEXIS 58049, at *15-16.   The generalities relied upon by Uniloc in the Complaint do not put Activision on notice of Uniloc's direct infringement or indirect infringement claims.  Thus, Activision's Motion to Dismiss should be granted.

### B.  **Alternatively, Uniloc Should Be Required to File a More Definite Statement of its Claims**

In the alternative, Uniloc should be required to file a more definite statement of its claims.  Under Rule 12(e), a party may move for a more definite statement where the complaint is so vague or ambiguous that the party cannot reasonably prepare a response.   Here, the deficiencies of Uniloc's Complaint make it impossible for Activision to respond.

To characterize this Complaint as vague or ambiguous would be generous.  Fed. R. Civ. P. 12(e).  In fact, it is devoid of any factual support whatsoever for its legal claims.  As a consequence, Activision is left to guess which of its range of products might be at issue.  Without a more precise pleading, Activision has no way of knowing what product the Complaint concerns.  Nor, for that matter, can Activision hope to determine the full range of defenses

available to it until it understands exactly what it is accused of doing.   As noted above, the prejudice to Activision does not end with its answer.   For example, with no identification of the products, Activision cannot meet its Rule 26(a)(1) Initial Disclosure obligations to disclose information that it may use to support its defenses because Uniloc has given no notice of what Activision is supposed to defend and, accordingly, what its defenses might be.   Thus, a more definite statement from Uniloc, at the very least, is in order.

## IV.   <u>CONCLUSION</u>

Activision respectfully requests that the Court dismiss Uniloc's Complaint for failure to state a claim or, in the alternative, that the Court enter an order directing Uniloc to re-plead its Complaint with sufficient specificity to give Activision fair notice of Uniloc's claims.


Dated: October 15, 2010                                      Activision Blizzard, Inc., Defendant

                                                                                    By:  /s/ Patrick A. Lujin
                                                                                    Patrick A. Lujin
                                                                 *(Admitted Pro Hac Vice)*
                                                                 B. Trent Webb
                                                                 *(Admitted Pro Hac Vice)*
                                                                 Megan J. Redmond
                                                                 *(Admitted Pro Hac Vice)*
                                                                 Brittany A. Boswell
                                                                 *(Admitted Pro Hac Vice)*
                                                                 **SHOOK, HARDY & BACON, LLP**
                                                                 2555 Grand Blvd.
                                                                 Kansas City, Missouri 64108-2613
                                                                 Telephone: (816) 474-6550
                                                                 Fax: (816) 421-5547

                                                                 Melissa Richards Smith
                                                                 Texas Bar #24001351
                                                                 **GILLIAM & SMITH, LLP**
                                                                 303 South Washington Avenue
                                                                 Marshall, Texas 75670
                                                                 Telephone: (903)934-8450
                                                                 Fax: (903)934-9257

*Attorneys for Defendant Activision
Blizzard, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on October 15, 2010, I caused the foregoing to be filed electronically with the Clerk of Court through ECF, and that ECF will send an e-notice of the electronic filing to those counsel or parties who are authorized to receive Notices of Electronic Filing.

/s/ Patrick A. Lujin\_\_\_\_ _____

7