# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| UNILOC USA, INC., ET AL.<br>  Plaintiffs,<br><br>vs.<br><br>SONY CORPORATION OF AMERICA, ET AL.<br>  Defendants. | **CASE NO. 6:10-CV-373**<br>**PATENT CASE** |
| UNILOC USA, INC., ET AL.<br>  Plaintiffs,<br><br>vs.<br><br>DISK DOCTORS LABS, INC., ET AL.<br>  Defendants. | **CASE NO. 6:10-CV-471**<br>**PATENT CASE** |
| UNILOC USA, INC., ET AL.<br>  Plaintiffs,<br><br>vs.<br><br>NATIONAL INSTRUMENTS CORP., ET AL.<br>  Defendants. | **CASE NO. 6:10-CV-472**<br>**PATENT CASE** |
| UNILOC USA, INC., ET AL.<br>  Plaintiffs,<br><br>vs.<br><br>ENGRASP, INC., ET AL.<br>  Defendants. | **CASE NO. 6:10-CV-591**<br>**PATENT CASE** |

| | § | |
|---|---|---|
| **UNILOC USA, INC., ET AL.** | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | |
| | § | **CASE NO. 6:10-CV-636** |
| **BMC SOFTWARE, INC., ET AL.** | § | **PATENT CASE** |
| Defendants. | § | |
| | § | |

| | § | |
|---|---|---|
| **UNILOC USA, INC., ET AL.** | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | **CASE NO. 6:10-CV-691** |
| | § | **PATENT CASE** |
| **FOXIT CORPORATION, ET AL.** | § | |
| Defendants. | § | |
| | § | |

| | § | |
|---|---|---|
| **SYMANTEC CORPORATION, ET AL.** | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | **CASE NO. 6:11-CV-33** |
| | § | **PATENT CASE** |
| **UNILOC USA, INC., ET AL.** | § | |
| Defendants. | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Uniloc asserts U.S. Patent No. 5,490,216 ("the '216 patent") in these seven cases ("the *Uniloc* cases"), which cumulatively name 95 Defendants.[1] The Court set a status conference on April 26,

---

[1] The seven current *Uniloc* cases were filed as follows:
*Uniloc USA, Inc. et al. v. Sony Corp. of Am. et al.*, 6:10cv 373, filed in July 2010 naming 9 Defendants;
*Uniloc USA, Inc. et al. v. Disk Doctors Labs, Inc. et al.*, 6:10cv471, filed in September 2010 naming 18 Defendants;
*Uniloc USA, Inc. et al. v. Nat'l Instruments Corp. et al.*, 6:10cv472, filed in November 2010 naming 20 Defendants;
*Uniloc USA, Inc. et al. v. Engrasp, Inc. et al.*, 6:10cv591, filed in November 2010 naming 20 Defendants;
*Uniloc USA, Inc. et al. v. BMC Software, Inc. et al.*, 6:10cv636, filed in September 2010 naming 7 Defendants;
*Uniloc USA, Inc. et al. v. Foxit Corporation et al.*, 6:10cv691 filed in December 2010 naming 19 Defendants; and

2011 for all seven cases to discuss case management and to hear the parties' suggestions to streamline discovery.

The Court has previously expressed concern about cases where a plaintiff asserts questionable patent claims against a large number of Defendants to extract cost of defense settlements. *See Raylon, LLC v. Complus Data Innovations, Co. et al.*, 6:09cv355 Docket No. 147 at 5 ("[T]his Court has some concerns about plaintiffs who file cases with extremely weak infringement positions in order to settle for less than the cost of defense and have no intention of taking the case to trial. Such a practice is an abuse of the judicial system and threatens the integrity of and respect for the courts."). In some cases, Defendants are faced with a *Hobson's* choice of spending more than the settlement range on discovery, or settling for less than their cost of defending the case, regardless of the merits of the case. *See Parallel Networks, LLC v. Abercrombie & Fitch Co. et al.*, 6:10cv111 Docket No. 338. In those situations the Patent Rules, with their quick discovery deadlines, may not provide the most efficient case management schedule, and the Court has modified its Docket Control and Discovery Orders to level the playing field. *See id.; see also Adjustacam LLC v. Amazon.com, Inc. et al.*, 6:10cv329 Docket No. 426 (implementing agreed modifications to the Docket Control Order to streamline discovery and potentially lead to early resolution of dispute).

This however is not one of those cases. Although Uniloc asserted the same patent in multiple cases against numerous Defendants and previous cases settled before proceeding to the *Markman*

---

*Symantec Corporation et al. v. Uniloc USA Inc et al.*, 6:11cv33 is a declaratory judgment action filed by Symantec and XtreamLok that was transferred from the Central District of California.

hearing,[2] Uniloc is distinguished by its litigation history. The '216 patent has already undergone extensive scrutiny. Through a jury trial and numerous appeals Uniloc's patent has been found infringed and not invalid by both a jury and the Federal Circuit.[3] Thus, Uniloc has demonstrated its willingness to pursue its case through trial. Here, Uniloc's preparation for the status conference, readiness to provide detailed infringement disclosures, and *in camera* information regarding the reasonableness of its settlements does not raise the *Hobson's* choice concerns that other cases have raised for the Court.

However, given the size of these cases, the Court set a special status conference to address case management. Here, the parties suggested specific modifications to the Court's standard schedule that would promote efficient and economical streamlining of the cases. As a preliminary matter, the Court *sua sponte* raised consolidating these cases during the status conference. Uniloc opposed consolidation at this time, stating that it organized the cases to group like-sized Defendants

---

[2] In the Eastern District of Texas, Uniloc previously filed three cases asserting U.S. Patent No. 5,490,216 ("the '216 patent"): *Uniloc USA, Inc. et al. v. Abbyy Software, Inc. et al.*, Case No. 6:09cv538 (filed in November 2009 naming 14 Defendants); *Uniloc USA, Inc. et al. v. BCL Technologies et al.*, Case No. 6:10cv18 (filed in January 2010 naming 14 Defendants); and *Uniloc USA, Inc. et al. v. Cyberlink.com Corp. et al.*, Case No. 6:10cv69 (filed in March 2010 naming 16 Defendants). Uniloc settled with all Defendants in these cases before any of the cases reached claim construction. Likewise, Uniloc asserts Defendants infringe the '216 patent in the seven current litigations.

[3] Uniloc first asserted the '216 patent in the District of Rhode Island against Microsoft Corporation in September 2003. *Uniloc USA, Inc. v. Microsoft Corp.*, Case No. 03-440. In October 2007, the Rhode Island Court granted summary judgment of non-infringement. Uniloc appealed in August 2008 and the Federal Circuit reversed and remanded the summary judgment finding of non-infringement. *Uniloc*, 290 Fed. Appx. 337, 2008 WL 3539749 (Fed. Cir. 2008). In April 2009, the case proceeded to trial in Rhode Island where the jury returned a verdict of infringement and no invalidity of claim 19 of the '216 patent. The jury also found Microsoft's infringement was willful and awarded Uniloc $388 million in damages. In September 2009, the district court denied Microsoft's post-trial motion for judgment as a matter of law ("JMOL") of invalidity, but granted JMOL of non-infringement, granted JMOL of no willfulness, granted a new trial on damages, and, in the alternative, a new trial on infringement and willfulness. *See Uniloc*, 640 F. Supp. 2d 150 (D.R.I. 2009). Again, Uniloc appealed, and the Federal Circuit recently reversed the JMOL of non-infringement, affirmed the JMOL of no willfulness, affirmed the district court's grant of a new trial on damages, vacated the district court's grant of an alternative motion for new trial on infringement, and affirmed the district court's denial of JMOL of invalidity of claim 19. *Uniloc*, 632 F. 3d 1292 (Fed. Cir. 2011).

into the same case, and Defendants did not argue that consolidation would be beneficial to case management. Accordingly, the cases will not be consolidated at this time, but as the cases progress the Court may reconsider consolidation.

At the status conference, Uniloc presented several concise, case-specific suggestions: prompt disclosure of Infringement Contentions; early production of accused product sales data; an additional early mediation deadline after the exchange of Infringement Contentions and sales data; a voluntary option for early disclosure of source code; deferring P. R. 3-3 and 3-4 disclosures until after the early mediation deadline; a consolidated claim construction process and *Markman* hearing; and an additional management conference after the *Markman* ruling to discuss trial timing and structure. Uniloc also proposed specific due dates for the disclosures and proposed time schedules for the remaining suggestions.

Defendants' size and potential liability exposure differs; as such, they presented a variety of suggestions. Several Defendants urged their motions to change venue and requested a 60-day stay while the Court considers the transfer motions. Other Defendants similarly suggested a stay while the '216 patent reexamination is pending. In response to Uniloc's suggestions, several Defendants requested the Infringement Contentions comply with P.R. 3-1 and that the Court entertain an early summary judgment motion on infringement. Defendants also identified two terms, previously construed by the Rhode Island Court and addressed by the Federal Circuit, that they believe would be important to determining infringement in these cases.

The Court adopts several of the parties' suggestions. The Court will not depart from the Patent Rules' early disclosure of Uniloc's Infringement Contentions; however, the Court will implement an early production of Uniloc's licenses and Defendants' accused product sales data.

These disclosures will help identify Defendants' potential liability exposure and provide both sides with additional information that may further facilitate meaningful settlement discussions. As such, the Court also sets an early mediation deadline, and the Court shall defer P.R. 3-3 and 3-4 disclosures and all other disclosures under Fed. R. Civ. P. 16 until after the early mediation deadline. However, if Defendants voluntarily disclose their source code, Uniloc shall be obligated to amend its P.R. 3-1(c) chart to incorporate the source code disclosure. The Court encourages Defendants to make such disclosures that further facilitate meaningful infringement and settlement discussions before the first mediation deadline. The Court hopes these modifications will promote early dismissal of non-infringing Defendants before they are encumbered with the cost of discovery.

Accordingly, for each of the *Uniloc* cases, the parties shall submit agreed Docket Control Orders and Discovery Orders with the following modifications and additions:

- June 3, 2011: Comply with P.R. 3-1 and P.R. 3-2—Disclosure of Asserted Claims and Infringement Contentions due. In response, by June 30, 2011, Defendants may choose to disclose their source code related to the operation of the accused instrumentality identified by Uniloc's P.R. 3-1(c) chart. Should a Defendant disclose its source code, Uniloc shall amend its P.R. 3-1(c) chart to incorporate the provided source code within 30 days.[4] After this amendment, or if a Defendant does not participate in the early disclosure of its source code, Uniloc must obtain leave of Court to add and/or further amend its infringement contentions, pursuant to P.R. 3-6.

---

[4] If necessary, Uniloc may request leave to extend this deadline depending on the source code disclosure upon showing good cause (e.g., the number of Defendants choosing early disclosure of source code, the volume of source code to review, whether the disclosed source code is printed or produced on a stand-alone a computers with limited access, the number of corresponding cites to incorporate in to the P.R. 3-1(c) chart).

- June 3, 2011: Plaintiff shall produce all prior licenses related to the patent-in-suit.
- June 24, 2011: Defendants' Production of Accused Product Sales Data—Defendants shall provide limited sales disclosures regarding the accused products (e.g., quantity of accused devices sold in the United States and revenue from those sales).
- June 30, 2011: Deadline for Early Disclosure of Source Code.
- July 30, 2011: First Mediation Deadline.
- August 15, 2011: Comply with P.R. 3-3 and 3-4—Invalidity Contentions due. Thereafter, it is necessary to obtain leave of Court to add and/or amend invalidity contentions, pursuant to P.R. 3-6.
- August 1, 2011: Exchange of Disclosures according to the Court's Discovery Order.
- August 15, 2011: Exchange of Additional Disclosures according to the Court's Discovery Order.

Although the cases are not consolidated at this time, the Court will hold one, consolidated *Markman* hearing. The Court notes that many claim terms have been previously construed and appealed to the Federal Circuit. While the Court understands the parties' need to preserve their rights for appeal, the Court prefers to minimize the time spent on previously construed terms. Accordingly, before the parties file a Joint Claim Construction and Prehearing Statement, the parties shall meet and confer regarding preserving the parties' arguments for appeal by stipulation rather than resubmitting previously construed terms for construction. The parties must seek leave and show good cause to submit previously construed terms for construction. The parties shall coordinate to file one Joint Claim Construction and Prehearing Statement applicable to all the *Uniloc* cases.

In addition, within 15 days of the Court's Memorandum Opinion setting forth the claim

construction, the parties shall meet and confer and jointly file in each case a notice that the cases are ready for a management conference. The notice shall include a list of any pending motions and contain specific, viable suggestions for efficient trial management.

The cases are set as follows:[5]

>*Markman* **Hearing: October 19, 2011 at 9:30 a.m.**
>
>**Pretrial Conference: October 18, 2012 at 9:00 a.m.**
>
>**Jury Selection: November 5, 2012 at 9:00 a.m.**
>
>**Jury Trial: November 13, 2012 at 9:00 a.m.**

The parties shall submit agreed Docket Control and Discovery Orders to the Court by **May 31, 2011**.[6] If the parties are unable to resolve their disagreements concerning the Docket Control and Discovery Orders, the parties shall submit to the Court their competing proposals along with a summary of their disagreements. The Court appoints **Robert W. Faulkner** as the mediator for these cases.

The Court will defer ruling on the motions to transfer for 60 days to allow all briefing to be filed on the motions.

---

[5] As it is premature to address the specific logistics of trial, the following dates apply across all cases, but may be modified after the parties' post-*Markman* management conference.

[6] The Court's standard Docket Control Order and Discovery Order are available on the Court's website at http://www.txed.uscourts.gov/Judges/Davis/Orders&Forms.htm.

**So ORDERED and SIGNED this 20th day of May, 2011.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**